UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LAUREN GRAY, a minor, by her
parents and next friends; DAVID
GRAY; LYNN GRAY,
         *Plaintiffs-Appellants,*

v.

JOHN O'ROURKE, officially as
Superintendent, Howard County
Public Schools; HOWARD COUNTY
BOARD OF EDUCATION,
         *Defendants-Appellees.*

No. 01-2349

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-01-736-CCB)

Argued: September 23, 2002

Decided: October 24, 2002

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Brian Keith Gruber, BRIAN K. GRUBER, P.C., Chevy
Chase, Maryland, for Appellants. Jeffrey Alan Krew, Columbia,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The plaintiffs, Lauren Gray (Lauren) and her parents, David and Lynn Gray (collectively the Grays), brought this action against the defendants, the Howard County, Maryland Board of Education and John O'Rourke, in his official capacity as superintendent of the Howard County Public Schools, under the Individuals with Disabilities Education Act (the IDEA), 20 U.S.C. §§ 1400 *et seq.*, seeking reimbursement from the defendants (collectively the School District) for the costs associated with the private placement of Lauren at Chelsea School (Chelsea), a private school for children with learning disabilities, for the 1998-99 and 1999-2000 school years. The district court granted summary judgment in favor of the School District, and the Grays appeal. We affirm.

I

Lauren, who was born on May 6, 1982, has a learning disability. In the school year 1995-96, Lauren attended the eighth grade in a Howard County public school (HCPS), where she was determined to be eligible for special education services, and received those services under an Individualized Education Program (IEP).[1] After the eighth

---

[1]Under the IDEA, all states receiving federal funds for education must provide each child between the ages of three and twenty-one, who has a disability, with a free appropriate public education (FAPE) that is designed specifically to meet that child's needs. 20 U.S.C. § 1412(a)(1)(A). To effectuate this goal, a school district is required to provide, among other things, an IEP for each disabled child. *MM v. School Dist. of Greenville County*, No. 01-1364, 2002 WL 31001195, at *2 (4th Cir. Sept. 6, 2002). An appropriate IEP must contain statements concerning the disabled child's level of functioning, set forth measurable annual achievement goals, describe the services to be provided, and establish objective criteria for evaluating the child's progress. 20 U.S.C. § 1414(d)(1)(A).

grade, Lauren was educated in private schools. In the ninth grade, she attended a parochial school. In the tenth, eleventh, and twelfth grades, she attended Chelsea. The School District did not place Lauren at Chelsea, nor did it approve the placement at any time. Lauren graduated from Chelsea in June 2000.

In the fall of 1997, the School District convened several meetings of an IEP team to develop a new IEP for Lauren.[2] The Grays attended the meetings and were represented by an attorney, Michael Eig (Eig). On January 16, 1998, an IEP (January 1998 IEP) was approved for Lauren. Special education services were to be provided by Atholton High School, a HCPS. An annual review date was set for January 16, 1999.[3]

The Grays disagreed with the placement set forth in the IEP and informed the School District that Lauren would remain at Chelsea for the remainder of the 1997-98 school year. On March 20, 1998, the Grays filed a due process hearing request, which was dismissed by an administrative law judge (ALJ) on June 23, 1998.[4]

On August 11, 1998, Eig requested "reimbursement" for Lauren's Chelsea tuition from Ronald Caplan (Caplan), the "Facilitator for HCPS Community Services and Alternative Programs." (J.A. 15). Caplan told Eig that the School District would not reimburse the Grays. Eig contacted Caplan numerous times during Lauren's eleventh grade year, 1998-99, further requesting tuition reimbursement on behalf of the Grays. In each instance, Caplan responded that the School District would not reimburse the Grays. As noted above, Lauren graduated from Chelsea in June 2000 after completing her twelfth-grade year.

---

[2]An IEP team generally consists of a representative of the school district, the disabled child's teacher, the parents or guardian of the child and, when appropriate, the child herself. 20 U.S.C. § 1414(d)(1)(B).

[3]Under the IDEA, the school district must review each disabled child's IEP at least "annually." 20 U.S.C. § 1414(d)(4)(A)(i).

[4]If the parents or guardian of a disabled child are not satisfied with the IEP, they are entitled to request a due process hearing before an impartial hearing officer. 20 U.S.C. § 1415(f).

On October 25, 2000, the Grays requested a due process hearing to address the School District's failure to: (1) respond in writing to the Grays' request for a new IEP;[5] and (2) review Lauren's January 1998 IEP at least on an annual basis. On November 17, 2000, a due process hearing was held before an ALJ, and the ALJ issued her decision on December 7, 2000. With regard to the Grays' respond-in-writing argument, the ALJ found that Eig's August 11, 1998 verbal request for "reimbursement" of tuition at Chelsea constituted a request to change Lauren's educational placement, thus, triggering the written notice requirement of 20 U.S.C. § 1415(b)(3). The ALJ found, however, that Lauren was not denied a FAPE on account of the School District's failure to provide written notice of its refusal to change Lauren's placement because Lauren suffered no loss of educational opportunity as a result of this procedural violation.[6] With regard to the Grays' argument that the School District failed to review Lauren's January 1998 IEP at least on an annual basis, the ALJ rejected this argument on the basis that the Grays' unilateral placement of Lauren at Chelsea relieved the School District of its responsibility to review Lauren's January 1998 IEP.

As parties aggrieved by the ALJ's final decision, the Grays filed the present civil action against the School District, pursuant to 20 U.S.C. § 1415(i)(2)(A), in the United States District Court for the District of Maryland. On cross motions for summary judgment, the

---

[5]Under the IDEA, once the IEP is in place, the school district must provide written notice whenever the school district refuses to change the disabled child's placement. 20 U.S.C. § 1415(b)(3).

[6]Under our circuit precedent, to the extent that "procedural violations did not actually interfere with the provision of a free appropriate public education, these violations are not sufficient to support a finding that an agency failed to provide a free appropriate public education." *Gadsby v. Grasmick*, 109 F.3d 940, 956 (4th Cir. 1997). Accordingly, before the Grays can recover for the alleged procedural violations of the IDEA, they must demonstrate that the procedural violations actually interfered with the provision of a FAPE. *Id.*; *cf. School Committee of Town of Burlington v. Department of Ed. of Mass.*, 471 U.S. 359, 370-71 (1985) ("Reimbursement [remedy under the IDEA] merely requires [the school district] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP.").

district court granted the School District's motion for summary judgment and denied the Grays' motion for summary judgment.

In granting the School District's motion, the district court agreed with the ALJ that Lauren was not denied a FAPE on account of the School District's failure to provide written notice of its refusal to change Lauren's placement because Lauren suffered no loss of educational opportunity as a result of the procedural violation. Unlike the ALJ, however, the district court concluded that the Grays' unilateral placement of Lauren at Chelsea did not relieve the School District of its responsibility to review Lauren's January 1998 IEP. The district court went on to reject the Grays' annual review claim on the basis that the Grays did not demonstrate that Lauren suffered any loss of educational opportunity on account of the School District's failure to review the January 1998 IEP.

II

On appeal, the Grays argue that the School District's two procedural violations of the IDEA, namely, the School District's failure to respond in writing to the Grays' request for a new IEP and the School District's failure to review Lauren's January 1998 IEP at least on an annual basis, denied Lauren a FAPE. Upon review of the briefs and the record, and after consideration of oral arguments, we find no reversible error. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*